IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31409
Summary Calendar

_____


DITMAR HOSPITAL,

Plaintiff-Appellant,

versus

HARTFORD INSURANCE COMPANY OF
THE MIDWEST; ET AL.,

Defendants,

SEARS ROEBUCK & COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
USDC No. 98-CV-3215-B

_____

November 9, 2000

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The case is an appeal of the district court's grant of summary

judgment for Sears Roebuck and Company in a products liability

suit. The district court found that Ditmar Hospital did not

produce sufficient evidence of liability, and therefore dismissed

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the case against Sears.  At the time the suit was filed in federal court, however, complete diversity did not exist between the parties.  Thus, Hospital appeals the merits of the dismissal of summary judgment, and contends that the federal courts do not have jurisdiction over this suit.  Because we find that the jurisdictional defect was cured, and the district court properly granted summary judgment, we affirm.

I

On May 10, 1998, Ditmar Hospital fell off a stepladder while performing work for his employer, Cox Communications New Orleans, Inc., in the house of Andrew A. Landry.  Hospital used Landry's aluminum stepladder, purchased from Sears five or six years earlier, to reach a connection in the attic.  At the time, one of the ladder's rubber footings was missing.  After climbing and descending the ladder several times, Hospital fell from the third rung and was injured.

On November 2, 1998, Hospital, a resident alien residing in Louisiana, brought this products liability suit in federal district court against Sears, a non-Louisiana resident, under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.  The suit also included claims against Landry and Landry's insurance company, both Louisiana residents.  Hospital premised federal jurisdiction on 28 U.S.C. § 1332, claiming diversity as a citizen of Uzbekistan.

On July 19, 1999, Sears moved for summary judgment, arguing that the ladder was not unreasonably dangerous by way of construction, composition or design, had no inadequate warnings and no express warranty that had been breached. The district court granted summary judgment for Sears on each of the products liability claims on August 19, 1999.

After the grant of summary judgment to Sears, the case proceeded against the remaining plaintiffs. On September 22, 1999, Hospital settled his claims against both Landry and Landry's insurance company, Hartford Insurance Company of the Midwest. On the same day, the district court rendered a Rule 54(b) motion in favor of Sears, dismissing, with prejudice, all of Hospital's claims against Sears.

On October 6, 1999, Hospital moved for a new trial, which the court interpreted as a motion to reconsider summary judgment and denied on November 12, 1999. On November 8, 1999, Hospital filed a motion to dismiss based on a lack of subject matter jurisdiction. The court entered a final judgment on November 16, 1999. The court denied the motion to dismiss as moot on December 8, 1999, because no further claims remained for dismissal. Hospital appeals from the final judgment entered on November 16, 1999, and from the order denying the motion to dismiss as moot.

3

Following these proceedings, on January 28, 2000, the plaintiff refiled his suit against Sears in Louisiana state court. Sears removed the suit to the district court based on diversity jurisdiction. Thus, the determination in this case may effectively resolve the second, identical case.

## II

Diversity jurisdiction under 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is different than the citizenship of each defendant." Caterpillar v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996). As a resident alien, Hospital should have been considered a resident of Louisiana for the purposes of § 1332 diversity jurisdiction. 28 U.S.C. § 1332(a) ("For the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."). Because both Landry and Hartford Insurance, who settled with Hospital on September 22, 1999, were also Louisiana residents, the case as filed contained a jurisdictional defect.

Federal jurisdiction generally depends on the facts that exist when the case is filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222 (1989). It is well settled, however, that jurisdictional defects can be cured. Federal Rule of Civil Procedure 21, for instance, allows district

courts to dismiss dispensable nondiverse parties to perfect jurisdiction. Newman-Green, 490 U.S. at 832. The Supreme Court has recognized that parties "should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity." Id. at 837. Similarly, the Supreme Court has found that the absence of complete diversity at the time of removal is not fatal to federal court adjudication, as long as federal jurisdiction requirements are met at the time the judgment is entered. Caterpillar, 519 U.S. at 64. Thus, as long as the jurisdictional defect is cured by the time of judgment, the district court's judgment is valid.

Here, although there was a lack of complete diversity when the case was filed, and therefore no jurisdiction, the settlement of the nondiverse parties cured the jurisdictional defect before the final judgment was entered. Hospital settled with Landry and Hartford on September 22, 1999. Hospital filed his motion to reconsider entry of summary judgment on October 6, 1999, and filed his motion to dismiss for lack of subject matter jurisdiction on November 8, 1999. The court issued its final judgment on November 16, 1999. Thus, because the jurisdictional defect was cured before the court's final judgment, the district court had jurisdiction to deny the motion for a new trial and issue a final judgment. After the final judgment was entered, the court

5

correctly determined that the motion to dismiss for lack of subject matter jurisdiction was moot.

III

Hospital sought damages from Sears on all four theories of products liability under the Louisiana Products Liability Act ("LPLA"): defective construction or manufacturing, defective design, failure to warn and breach of express warranty. See La. Rev. Stat. Ann. § 9:2800.55-2800.58; Pickett v. RTS Helicopter, 128 F.3d 925, 928 (5th Cir. 1997). In granting summary judgment, the district court determined that Hospital had failed to produce sufficient evidence for any of the products liability claims.

We review the district court's grant of summary judgment de novo. Transitional Learning Community at Galveston, Inc. v. United States Office of Personnel Management, 220 F.3d 427, 429 (5th Cir. 2000). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and shows that the moving party is entitled to judgment as a matter of law." Kapche v. City of San Antonio, 176 F.3d 840, 842 (5th Cir. 1999)(citing River Prod. Co., Inc. v. Baker Hughes Prod. Tools, Inc., 98 F.3d 857, 859 (5th Cir. 1996)(in turn citing Fed.R.Civ.P. 56(c))).

First, for a claim of defective manufacturing or construction, Hospital must prove that the product "deviated in a material way

6

from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer" at the "time the product left its manufacturer's control." La. Rev. Stat. § 9:2800.55. Hospital failed to produce any evidence showing that the ladder failed to meet the manufacturer's specifications at the time it left the manufacturer's control. In fact, Landry's testimony indicates that, at the time of purchase, the ladder had all its rubber footings. Because Hospital had the burden of proving that the specifications were not met, we agree with the district court's determination that Sears was entitled to summary judgment on the defective composition or construction claim.

Second, Hospital's defective design claim requires him to prove that "(1) [t]here existed an alternative design for the product that was capable of preventing the claimant's damages"; and "(2) [t]he likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design." La. Rev. Stat. Ann. § 9:2800.56. Hospital did not retain an expert or present technical evidence of an alternative design for the stepladder that would have prevented his injuries. Showing that injury resulted from a product is not sufficient to avoid summary judgment under the LPLA. Theriot v. Danek Medical, Inc., 168 F.3d

7

253, 256 (5th Cir. 1999). Thus, we find that the district court properly found that Hospital failed to introduce evidence supporting the existence of a design defect.

Third, Hospital claims that the stepladder was unreasonably dangerous because it contained an inadequate warning. La. Rev. Stat. Ann. § 9:2800.57. A warning is not required, however, if "[t]he product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product." Id. The ladder was labeled with setup, climbing and use instructions. Hospital failed to identify what warning should have been made, and how the product was dangerous to an extent beyond that contemplated by an ordinary user. Thus, the district court properly granted summary judgment on Hospital's failure to warn claims.

Fourth, a finding that a product is unreasonably dangerous because of a noncomformity with an express warranty requires an express warranty by the manufacturer that induced the claimant to use the product. La. Rev. Stat. § 9:2800.58. Hospital failed to identify any express warranty breached by Sears. The district court therefore correctly granted summary judgment on the breach of express warranty claim.

IV

Because we find that the district court had jurisdiction to enter its final judgment and that it correctly granted summary judgment for Sears, the district court's judgment is

A F F I R M E D.